IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL F. HARRIS,**
       **Petitioner,**

v.                                                   **Civil Action No.: 3:17-CV-41**
                                                        **(GROH)**

**JOE COAKLEY, Warden,**
       **Respondent.**

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On April 17, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1[1].  Petitioner is a federal inmate housed at Hazelton USP and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

---

[1] All CM/ECF references are to the instant case, 3:17-CV-41, unless otherwise noted.

1

## II. FACTS[2]

### A. Petitioner's Conviction and Sentencing

On October 15, 2012, an eight count indictment was returned against Petitioner in the Eastern District of Virginia case number 3:12-CR-170, charging Petitioner with several crimes[3] in connection with an investment fraud scheme. ECF No. 3. By Order and Memorandum Opinion entered January 29, 2013, Counts 1 and 2 of the indictment were dismissed as time barred. ECF Nos. 32, 33 at 17 – 18.

On March 4, 2013, a jury found Petitioner guilty of Counts 3 through 8 of the indictment.[4] ECF No. 67. Petitioner filed a post-trial motion for acquittal on Counts 3 and 4 for lack of venue on March 6, 2013. ECF No. 70. On April 26, 2013, the District

---

[2] All CM/ECF references in Facts sections II.A., II.B and II.C. refer to entries in the docket of Criminal Action No. 3:12-CR-170, Eastern District of Virginia, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Virginia is available on PACER.

[3] The specific charges against Petitioner were: securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x (Counts 1 – 4); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 5 – 7); and mail fraud, in violation of 18 U.S.C. § 1341 (Count 8).

[4] The facts underlying Petitioner's conviction, as described by the Fourth Circuit in its unpublished opinion issued June 27, 2014 affirming Petitioner's conviction and sentence, were:

> [Harris] was the president, CEO, and principal shareholder of M.F. Harris Research ("MFH"), a company that was allegedly involved in researching a cure for HIV/AIDS. . . .
> Between 2005 and 2011, [Harris] solicited investments by selling shares of MFH stock for $1.00 a share. In soliciting these investments, [Harris] made a number of presentations in which he told potential investors that their money would be used by MFH to obtain the necessary patents, begin human trials of the hyperbaric chamber treatment, and continue research. From October 2005 through July 2011, [Harris] received approximately $900,000.00 in investments. Of that amount, no money was used for HIV/AIDS research, and only $54,787.24 was used to pay for patent fees. The Government presented evidence that the remaining investor funds were spent by [Harris] on personal expenses, including mortgage payments, vehicles, a gun collection, farm and horse expenses, child support, and other personal purchases.

ECF No. 132 at 3 – 4 (footnotes omitted).

Court granted Petitioner's motion for acquittal on Counts 3 and 4 due to a lack of venue. ECF No. 82.

On July 10, 2013, Petitioner was sentenced to 108 months of imprisonment for Counts 5, 6, 7 and 8, which sentences were ordered to run concurrently to one another.[5] ECF No. 108. On October 2, 2013, Petitioner was ordered to pay restitution in the amount of $874,925.66 to 71 victims[6] whose names were listed in Attachment A to the restitution order. ECF No. 130.

### B.  Direct Appeal

Petitioner filed a direct appeal with the Fourth Circuit in that court's docket number 13-4536. ECF No. 111. By order entered on June 27, 2014, the Fourth Circuit affirmed the Petitioner's conviction and sentence. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

### C.  Petitioner's Attempts for Post-Conviction Relief

On June 1, 2015, Petitioner filed a *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255. ECF No. 138. The Eastern District of Virginia issued a

---

[5]  In its June 27, 2014 opinion, the Fourth Circuit summarized the Petitioner's sentencing:

> [T]he district court calculated [Harris's] total offense level at 29 with a criminal history category of I, which yielded an advisory range under the United States Sentencing Guidelines ("U.S.S.G.") of 87 to 108 months' imprisonment. Included in the . . . calculation was a two-level increase because a victim of the offense was a vulnerable victim. . . and a two-level increase for [Harris's] abuse of a position of trust. . . . Thereafter, the district court imposed a within-Guidelines sentence of 108 months' imprisonment.

ECF No. 132 at 11.

[6]  Attachment A listed 71 restitution recipients, however, several of those recipients were couples, meaning that more than 71 individuals were to receive restitution. ECF No. 130 at 3 – 4.

memorandum opinion and order [ECF Nos. 150, 151] entered on May 10, 2016[7], which broadly construed the § 2255 motion to have raised six claims for relief: (1) that a government witness' testimony was inadmissible; (2) trial counsel was ineffective for failing to introduce evidence to refute the allegedly inadmissible testimony; (3) appellate counsel was ineffective because he required continuances to prepare an appellate brief, which ignored Petitioner's suggestions, and refused to prepare a writ of certiorari without additional payment; (4) trial counsel was ineffective for failing to introduce a "good faith defense" or seek an instruction on good faith; (5) Petitioner's restitution order was unconstitutional; and (6) trial counsel was ineffective for failing to seek a jury determination of restitution.  ECF No. 150 at 2.  The District Court denied Petitioner's § 2255 motion.  ECF Nos. 150, 151.  As to the restitution claim, quoting United States v. Runnells, 36 F.Supp. 2d 696, 700 (E.D. Va. 1998), the Court found that "restitution orders 'are outside the scope of a § 2255 review.'"  ECF No. 150 at 6.

On May 31, 2016, Petitioner filed a notice of appeal of the denial of his motion to vacate with the Fourth Circuit, in that court's docket number 16-6748.  ECF Nos. 152, 153.  The Fourth Circuit denied a certificate of appealability and dismissed the appeal on November 29, 2016.  ECF Nos. 154, 155.

### D. Instant § 2241 Petition[8]

Petitioner asserts four grounds for relief: (1) that Count 8 of his indictment should be dismissed; (2) that law enforcement improperly influenced witnesses and affidavits;

---

[7] Both the Memorandum Opinion [ECF No. 150] and Order [ECF No. 151] were signed by the District Court on May 9, 2016, but filed by the Clerk on May 10, 2016.

[8] All CM/ECF references in Facts section II.D. refer to entries in the docket of Civil Action No. 3:17-CV-41, Northern District of West Virginia, unless otherwise noted.

(3) that appellate counsel was ineffective by "violat[ing] petitioner's [d]irect [a]ppeal as of right"; and (4) that the restitution order should be modified. ECF No. at 5 – 6. Petitioner seeks to have his conviction vacated. Id. at 8. Petitioner concedes that he "has exhausted § 2255 options," and asserts that "Section 2241 [is] now applicable". Id. at 9.

Petitioner filed a 39-page memorandum of law in support of his petition. ECF No. 1-1. Although the memorandum does not conform to the requirements of the Local Rules of Prisoner Litigation Procedure, the Court has reviewed and considered the arguments contained therein. The petition itself challenges only Petitioner's conviction, however, the memorandum "attacks both his sentence and conviction." Id. at 2.

At its essence, the petition argues four grounds which are all appropriate for disposition under § 2255. First, Petitioner claims that because the trial judge was biased against him, the court refused to grant him a bill of particulars which would have led to the invalidation of Count 8 of the indictment. ECF No. 1-1 at 4 – 9. Petitioner concedes, "[t]his issue has been argued since the filing of Harris' Direct Appeal attempt and throughout his post-conviction appeal process for 49 months." Id. at 16. Second, Petitioner claims that he is entitled to a new trial because FBI agents threatened or coerced witnesses to testify at Petitioner's trial. ECF No. 1-1 at 17 – 24. Petitioner acknowledges that he filed a § 2255 petition which raised this ground, which was denied by the trial court. Id. at 20. Third, Petitioner claims that he received ineffective assistance of appellate counsel because his lawyer on direct appeal determined that filing a reply brief was unnecessary. ECF No. 1-1 at 24 – 33. Petitioner requests this District Court to invalidate his direct appeal to the Fourth Circuit, and find that he is serving an illegal sentence. Id. at 28, 32. Fourth, Petitioner claims that pursuant to

Arnaiz v. Warden, Federal Satellite Low, 594 F.3d 1326 (11th Cir. 2010)[9], he is permitted to challenge in a § 2241 proceeding the $875,000 in restitution he was ordered to pay. Id. at 34. In his conclusion, Petitioner asserts "he was never given a fair trial." Id. at 38.

Petitioner asserts that he is entitled to application of the savings clause of § 2255 and is "allow[ed] [ ] to file this § 2241 because he can no longer challenge his conviction and sentence under § 2255. ECF No. 1-1 at 1. Petitioner claims that "because 108 months is a fundamental defect that warrants correction," he may proceed under the savings clause. Id. at 2. Petitioner concedes that "he has filed no less than 20 motions, petitions, and briefs, some of which reached the U.S. Court of Appeals, Fourth Circuit." Id. at 7. Petitioner has yet to receive the relief he seeks from any of those 20 applications for relief.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

[9] Arnaiz was an appeal of a § 2241 proceeding, where the Eleventh Circuit upheld a restitution order of more than $24 million following Arnaiz's conviction for money laundering and mail fraud. The Court found that "because habeas corpus has traditionally required a relationship between a petitioner's custody and the relief sought, we do not understand section 2241 to extend to the facts of this case." 594 F.3d at 1329.

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[10] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

---

[10] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[11] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[11] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

---

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## IV. ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Petitioner's four grounds assert that: Count 8 of his indictment was improper; improper evidence was admitted at trial; he received ineffective assistance of appellate counsel; and the sentencing court's restitution order was improper. ECF No. 1 at 5 – 6. He seeks to have his conviction and sentence vacated. ECF Nos. 1 at 8. 1-1 at 2. His claims are unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons. Instead his claims relate to the validity of the conviction and sentence imposed in the Eastern District of Virginia including the District Court's determination of restitution. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.

A prisoner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by [previous] courts." Boeckenhaupt v. United States, 537

10

F.2d 1182, 1183 (4th Cir. 1976). By his own admission, Petitioner has filed at least 20 motions, petitions, briefs and appeals, which raised two of the four issues which are raised herein. ECF No. 1-1 at 7. In regard to his first ground for relief, Petitioner states, "[t]his issue has been argued since the filing of Harris' [d]irect [a]ppeal attempt and throughout his post-conviction appeal process for 49 months." Id. at 16. Petitioner concedes that his second ground for relief, that he "filed his § 2255 detailing all of the [claims]", without receiving the sought after relief. Id. at 20. Because those claims were previously fully considered by other courts, they may not be considered under the guise of collateral attack here. Accordingly, this Court will only consider Petitioner's third and fourth claims.

Although Petitioner asserts that he is entitled to relief under the savings clause "in the best interest of justice" [ECF No. 1-1 at 7], it is clear that he is not entitled to its application. Because this ground challenged Petitioner's conviction, this Court must first apply the Jones standard to his claims. Even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted, wire fraud pursuant to 18 U.S.C. §§ 1343 and 1341, remain criminal offenses. Therefore Petitioner cannot satisfy the second element of Jones. Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

Next, the Court must review a petition which contests the imposed restitution, which is considered part of his sentence, under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed, including restitution assessed against Petitioner. However,

Petitioner cannot meet the second element of the <u>Wheeler</u> test, because any change to the settled law which established the legality of Petitioner's sentence, including the imposition of sentence, has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the <u>Wheeler</u> test, this Court does not need to consider the third or fourth parts of the test.[12]

The third and fourth issues asserted by Petitioner in his § 2241 petition are matters properly considered in a § 2255 motion. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file

---

[12] Under <u>Wheeler</u>, it appears that in a § 2241 proceeding a prisoner may, provided he meets the four-part <u>Wheeler</u> test, contest the imposition of sentence, including the District Court's imposition of restitution, in addition to permissibly contesting the execution of sentence in regard to the BOP's collection of restitution.

objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** July 23, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE